**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Dated: 11:07 AM December 12, 2018**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 12 |
| | ) |
| ROBERT EUGENE WELLING, | ) CASE NO. 16-62225-rk |
| KATHY SUE WELLING, | ) |
| | ) JUDGE RUSS KENDIG |
| Debtors. | ) |
| | ) |
| | ) **MEMORANDUM OF OPINION** |
| | ) **(NOT FOR PUBLICATION)** |

Debtors Robert Eugene Welling and Kathy Sue Welling ("Debtors") filed a Chapter 12 bankruptcy petition on October 28, 2016. They filed their Chapter 12 Plan on January 24, 2017. Creditor, Farm Credit Mid-America, filed an Objection to Confirmation of Plan on February 21, 2017. The Debtors and the Creditor entered an Agreed Order Resolving Objections of Farm Credit Mid-America, PCA to Confirmation of Debtors' Chapter 12 Plan and Related Matters on August 30, 2017. The Agreed Order was served on all other relevant parties, including Seed Consultants, Inc. ("SCI").

1

On October 10, 2018, SCI filed a Motion to Enforce Debtors' Plan of Reorganization, alleging that Debtors had not timely paid their first required installment payment of $13,750 in full, as the Trustee appeared to have taken his fees out of the sum before transmitting it from Debtors to SCI. SCI received only $9,109.74. The Debtors acknowledged that the full amount had not been paid, but disputed the amount remaining due, arguing that the terms of the Agreed Order had modified the plan prior to confirmation, and changed the annual payment to $13,000.

The parties requested via the courtroom deputy, off the record, that the Court take the matter under advisement. A deadline for additional briefing was set for November 16, and no further materials were received.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. §§ 157(b)(2), and the court has authority to issue final entries.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## DISCUSSION

The United States Bankruptcy Code provides that a Chapter 12 plan may be modified at any time prior to confirmation, so long as it meets particular criteria. 11 U.S.C. § 1223(a). These requirements are listed in § 1222.[1] Once a modification has been submitted, the plan as modified becomes the plan going forward. 11 U.S.C. § 1223(b).

A motion is not required to modify a plan prior to confirmation. In re Pratt, 2007 Bankr. LEXIS 2908 (Bankr. N.D. Ind. 2007), *8. A subsequent confirmation hearing will provide ample opportunity for all parties to discuss proposed modifications as needed. Pratt, supra, at *8. Agreed orders which change the terms of the plan and are entered so as to resolve creditors' objections to confirmation have been explicitly deemed to modify the plan in the place of a motion to modify. See, e.g., In re Team Toledo Hockey, LLC, 2010 Bankr. LEXIS 4280 (Bankr. N.D. Ohio 2010), *13 ("The three stipulated orders resolving the objections to confirmation of the Plan . . . constitute modifications of the plan. . . ."); In re Klosterman Dev. Corp., 2013 Bankr. LEXIS 3620 (Bankr. N.D. Ohio 2013), *22 (a creditor accepted the proposed plan "as modified by the agreed order entered resolving [creditor's] objection to confirmation.").

Debtor's plan as originally filed entitled creditors in class 6, the class to which SCI belongs, to "annual payments equal to one-fourth (1/4) of the allowed amount of their claims without interest." Ch. 12 Plan, p. 6. Given that SCI's allowed claim is $55,000[2], per SCI's

---

[1] The requirements include providing for the submission of future earnings to the trustee, full or other agreed-upon payment of claims, and consistency in treatment within different classes of claims.
[2] This amount was specified in the Stipulation and Agreed Order on Debtors' Objection to the Claim of Seed

2

16-62225-rk    Doc 103    FILED 12/12/18    ENTERED 12/12/18 11:20:24    Page 2 of 4

calculation this would amount to $13,750 per year over four years. Debtors argue that the Agreed Order, however, modified that provision, setting the annual payment of unsecured claims at $13,000. Agreed Order, ¶ 5(c). The provision reads as follows:

> 5. Any one of the following shall constitute a default by the Debtors:
>
> . . .
>
> (c) Failure to pay to the Trustee the annual unsecured debt payment in the amount of $13,000. Said payment shall be paid to the Trustee on or before the 15th day of January each year.

This provision, though arguably an oblique reference to SCI, does not mention SCI by name. SCI was not involved in the drafting of this agreed order; it was, after all, intended to settle FCMA's objection to confirmation, and indeed had nothing whatsoever to do with SCI. Though this Court acknowledges that SCI received service of this order and had the opportunity to object to any proposed modifications it may have contained, it finds that it was reasonable for SCI to not have seen grounds for such objection, given that the creditor's name was not included. It is also worth noting that in the Stipulation and Agreed Order on Debtors' Objection to the Claim of Seed Consultants, Inc. of April 27, 2018, SCI's claim is again stated as $55,000, which shows that Debtors likely never intended the 5(c) provision in the earlier agreed order to function as an adjustment of SCI's claim. SCI is still entitled to full payment of their entire claim under the Plan.

Debtors argue that to fail to consider the 5(c) provision to be a modification of the Plan "would not give effect to the Agreed Order." Debtors' Obj., p. 3. However, the provision is aimed specifically at the circumstances under which Debtors will be considered in default, and that is the reading the Court will give it: if Debtors do not make a payment of *at least* $13,000 to the Trustee by the agreed-upon date, they will be in default.

This Court finds that the Agreed Order does not constitute a modification of the original plan, and thus the annual payment should have been one-fourth of SCI's total claim, or $13,750. Debtors still owe $4,640.26 for the 2018 annual payment. As the Plan states, "[t]he debtors shall pay such sums to the Trustee as are necessary to effectuate the terms of this plan." Ch. 12 Plan, ¶ 6.01. The Court will by separate order grant SCI's motion to the extent that Debtors must continue to make payments equal to one-fourth of SCI's entire allowed claim.

However, the Court declines to impose the requested 10-day deadline for paying the entire $4,640.26 shortfall from the first installment payment. The requested time period, if begun on the date of this opinion, would fall just shy of the end of the year, and only slightly more than one month before the next annual payment is due. The Court will thus order Debtors to make a $4,640.26 cure payment, in addition to the $13,750 annual payment, on or before January 15, 2019. Debtors may pay the shortfall separately or as part of the annual payment.

---

Consultants, Inc, entered April 27, 2018.

# # #

**Service List:**

**Robert Eugene Welling
Kathy Sue Welling**
5650 Drenta Circle S.W.
Navarre, OH 44662

**Eric R. Neuman**
124 E. Main Street
Van Wert, OH 45891

**Seed Consultants, Inc.**
c/o CT Corporation Systems Statutory Age
1300 East Ninth Street
Cleveland, OH 44114

**Kevin Mitchell**
110 West Berry Street
Suite 2400
Fort Wayne, IN 46802

**Andrew W. Suhar**
29 East Front Street, 2nd Floor
PO Box 1497
Youngstown, OH 44501

4

16-62225-rk    Doc 103    FILED 12/12/18    ENTERED 12/12/18 11:20:24    Page 4 of 4